Filed 12/9/13  P. v. Yang CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073248 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12291) |
| v. | |
| KAI YANG, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 16, 2012, Shoua Yang and his wife Ker L. were at his parents' home. Shoua was sleeping on the couch.  Shoua heard loud music from somewhere else in the house; he went to the garage and told his brother, defendant Kai Yang, to turn down the music.  The two then got into a physical altercation, during which defendant said to Shoua, "you want to die?"  Chur Y., the father of Shoua and defendant, attempted to break up the fight.  Shoua believed defendant was being disrespectful to Chur, so Shoua punched defendant in the face.  Chur then called 911.

1

Law enforcement arrived. Shoua reported that defendant had threatened to kill the entire family. Shoua believed the threats and was afraid for himself and his family. Ker also reported that defendant approached her and said, "I'm going to . . . F'ing kill you." Shoua got in between defendant and Ker, but Ker was "afraid for her life." Ker believed defendant was capable of killing her and the family. She told law enforcement that defendant had been "terrorizing" Chur and his wife Mai, Ker's in-laws, since he moved into their home in December 2011. Law enforcement spoke to Mai. She too heard Kai threaten to kill the entire family, and she too was afraid.

Defendant was subsequently charged with two counts of making criminal threats. (Pen. Code, § 422.)[1] Trial counsel declared a doubt over defendant's capacity to stand trial. The trial court appointed an expert to examine defendant and later found defendant competent to stand trial.

On September 7, 2012, defendant entered a negotiated no contest plea to one count of making a criminal threat. (§ 422.) In exchange, defendant would attend a six- to 12-month residential program and, upon completion of the program, be placed on probation. Defendant also agreed that should he fail to successfully complete the residential program, the plea would be deemed an open plea.

Defendant enrolled in the Salvation Army residential program and shortly thereafter was discharged from the program for using inappropriate language. Defendant was then taken into custody.

On January 4, 2013, the trial court sentenced defendant to the middle term of two years on his conviction for making criminal threats. The court ordered defendant to pay various fines and fees, and awarded him 406 days of custody credit (203 actual and 203 conduct).

---

[1] Undesignated statutory references are to the Penal Code.

Defendant appeals. The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                         RAYE         , P. J.

We concur:



        MAURO        , J.



        DUARTE        , J.

3